UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANYELL M. DAVIS

VERSUS

BELLSOUTH TELECOMMUNICATIONS/
AT&T SOUTHEAST

CIVIL ACTION

NUMBER 11-722-FJP-SCR

## **RULING**

This matter is before the Court on the Motion to Dismiss[1] by Defendant Bellsouth Telecommunications, LLC ("Bellsouth"). Plaintiff Danyell Davis ("Plaintiff" or "Davis") has filed an opposition to the motion.[2] For the reasons which follow, the motion to dismiss is granted.

Plaintiff, who is *pro se*, has filed this lawsuit against her former employer Bellsouth, alleging claims of race discrimination, retaliation, disability discrimination, retaliation, hostile work environment, violation of the Louisiana Whistleblower statute LA R.S. 23:967, violation under 42 U.S.C. § 1983, and a tort claim under Louisiana Civil Code article 2316.

**II. Law and Analysis**

   **A. Motion to Dismiss**

A motion to dismiss for failure to state a claim under Federal

---

[1]Rec. Doc. No. 9.

[2]Rec. Doc. No. 16.

Doc#47889                                      1

Rule of Civil Procedure 12(b)(6) is viewed with disfavor and is rarely granted.[3] A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4] In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[5] In ruling on such a motion, the Court cannot look beyond the face of the pleadings.[6] The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff and with every doubt resolved in favor of the plaintiff.[7] A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.[8]

Dismissal is warranted if a plaintiff has (1) been given the

---

[3] *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

[4] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[5] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[6] *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), *cert. denied*, 530 U.S. 1229 (2000).

[7] *Lowrey*, 117 F.3d at 247.

[8] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

opportunity to plead his best case, (2) made specific and detailed allegations constituting his best case, and (3) still fails to state a claim.[9]

Normally, consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible.[10] Furthermore, in deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.[11] "When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice."[12]

---

[9]See *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)(recognizing that dismissal is required if a plaintiff has had fair opportunity to make his case, but has failed); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th Cir. 1985) (assuming that the specific allegations of the amended complaint constitute the plaintiff's best case).

[10]*Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La. 1986), *aff'd*, 832 F.2d 935 (5th Cir.1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988) *citing* 5 Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24-43.

[11]*Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.), *cert. denied*, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122(1994).

[12]*Cousin v. Small*, 2001 WL 617455 (E.D.La. 2001) *referring to* Fed. R. Civ. P. 12(b); Fed R. Evid. 201; *see also, Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 909 F.Supp. 400, 403 (E.D.La. 1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson*, 1999 WL 717628, at *2 (E.D.La. Sept. 13, 1999) (same).

### B. State Law Claims

Pursuant to its authority under 28 U.S.C. § 1367, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. Therefore, plaintiff's state law claims are dismissed without prejudice.

### C. Section 1983 Claim

Defendant argues, and Plaintiff concedes in her opposition, that the defendant is a private actor, not a state actor acting "under color of law." The law is clear that state action is a prerequisite for bringing a cause of action under Section 1983.[13] This claim is dismissed with prejudice.

### D. Title VII Claims

Plaintiff has alleged various claims under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*[14] However, defendant correctly contends plaintiff has failed to plead exhaustion of administrative remedies, which is required before seeking judicial relief.[15] Further, plaintiff failed to allege or attach as an exhibit a right to sue letter by the EEOC, rendering it impossible for the defendant or the Court to ascertain the timeliness of plaintiff's claims.

---

[13] *Rundus v. City of Dallas, Tex.*, 634 F.3d 309 (5th Cir. 2011).

[14] 42 U.S.C. § 2000e, *et seq.*

[15] *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264 (5th Cir. 2008); *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir.), *cert. denied*, 549 U.S. 888, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006).

Even if plaintiff had satisfied the exhaustion requirements, her complaint fails to set forth claims upon which relief may be granted under federal law. Plaintiff alleges discrimination, but fails to allege that she was qualified for her job, any adverse employment action taken against her based on race or disability, or whether others treated outside her protected class were treated differently. Plaintiff alleges a hostile work environment, but fails to identify unwelcome conduct, whether such conduct was severe or pervasive, how the conduct affected the terms or conditions of plaintiff's employment, or that the conduct occurred because of her race and/or disability. Plaintiff has claimed she suffered retaliation, but fails to identify what protected activity she engaged in, or any causal connection between any adverse employment action taken and the protected activity.

The Court recognizes that plaintiff is proceeding *pro se*, and pleading requirements are somewhat relaxed in this circumstance. However, a plaintiff's statement "must present more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'[16] This requirement holds true even for pro se litigants."[17]

---

[16] *Roque v. Jazz Casino Co., LLC*, 388 Fed. Appx. 402, 405, 2010 WL 2930876 (5th Cir. July 22, 2010), quoting *Ashcroft v. Iqbal*, —U.S. —, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868 (2009).

[17] *Id.*, citing *Thrasher v. Amarillo Police Dept.*, 346 Fed. Appx. 991, 992 (5th Cir. 2009).

The Court must also note that plaintiff moved to amend her complaint, which the Magistrate Judge denied, holding: "The claims she would bring would be dismissed because she failed to timely file a charge of discrimination and for failure to state a claim upon which relief can be granted, as explained in the defendant's opposition memorandum. Therefore, the proposed amendment would be futile. Futility of an amendment is a well-recognized reason to deny leave to amend."[18]

### III. Conclusion

For the reasons set forth above, plaintiff's federal law claims are dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's state law claims are dismissed without prejudice.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 7 day of June, 2012.

*[signature]*
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[18] Rec. Doc. No. 18.

Doc#47889                                6